**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**


Eugene Henderson,                                      Case No.: 4:13CV2088

               Petitioner

     v.                                                      **ORDER**


Edward Sheldon,

               Respondent


     This is a habeas corpus case under 28 U.S.C. § 2254. A Magistrate Judge has filed an Report and Recommendation recommending the petition be denied. (Doc. 13). Petitioner has filed objections. (Doc. 15).

     For the reasons that follow, on the basis of *de novo* review I find the Report and Recommendation well taken and the objections not well taken. Accordingly, I adopt the Report and Recommendation as the Order of this Court and dismiss the petition.

     I decline to issue a certificate of appealability.

**Background**

     The evidence at trial was that in the evening of April 13, 2009, the petitioner and two companions, including one Yager (who was the state's principal witness) drove in front of a house in Warren, Ohio. Petitioner was armed with an AK-47 assault rifle. The third occupant was armed

with a 9 mm. pistol that Yager gave him as he got out of the car. On getting out, petitioner gave Yager his cell phone and sunglasses.

The companion fired one shot with his pistol; his gun jammed. Petitioner fired upwards of thirty shots at the residence. Officers at the scene recovered twenty-one shell casings from bullets of the caliber used in an AK-47.

Three occupants were struck, including an adult and two children. The adult, one Chaney, whom the evidence showed petitioner suspected of having stolen $3,000 from a few weeks earlier, was the adult victim. He died within moments of being shot. One of the child victims, a ten year old boy, died eight days after being shot. The third victim, another child, survived a gunshot wound to his arm.

In addition to the shell casings, officers found sunglasses and a cell phone at the scene after the shootings.

The Warren City Police Department received a tip that Yager had information about the shootings. After first denying any knowledge, Yager provided a detailed statement. In addition to giving the information, that later become part of his testimony at trial and summarized above, Yager told the officers he had dropped the petitioner's sunglasses and cell phone at the scene.

Indicted on aggravated murder and murder charges, as well as various firearms charges, petitioner was scheduled to proceed to trial in May, 2010. Before voir dire began, petitioner asked to speak with the trial judge in chambers. He asked for appointment of new counsel, asserting that his lawyer had only provided him with a copy of discovery two days earlier. Petitioner stated he had not had enough time to review the discovery to determine if he should accept the State's plea offer.

The trial court, after hearing from the prosecutor and defense counsel, concluded that the lawyer was prepared to proceed to trial and denied the petitioner's motion.

The jury found the petitioner guilty of the two aggravated murder charges, the two murder charges, and charges of having a weapon under disability and felonious assault (for wounding the victim who survived). It returned an inconsistent verdict of not guilty as to other charges, including improper discharge of a firearm at a place of habitation and firearms specifications.

On direct appeal, petitioner raised seven assignments of error, only three of which he includes in his habeas petition: 1) convictions contrary to the manifest weight of the evidence; 2) denial of  the continuance to review discovery; and 3) the defense attorney provided ineffective assistance of counsel by failing to provide the discovery to him in a more timely manner.

The appellate court affirmed, rejecting all assignments of error. *State v. Henderson*, 2012 WL 604475 (Ohio App.).

Petitioner filed a *pro se* notice of appeal and memorandum in support of jurisdiction in the Ohio Supreme Court, in which he raised the three grounds noted above and on which he bases his habeas corpus petition. That Court dismissed the appeal. *State v. Henderson*, 13  Ohio St. 3d 1462 (2012) (Table).

While petitioner's direct appeal was pending in the Ohio Supreme Court, he filed a motion to reopen his appeal. That motion challenged, on the basis of ineffective assistance of counsel, his trial lawyer's failure to request a jury instruction on the lesser included offense of reckless homicide. The court denied the application to reopen on the basis that the lawyer's decision not to seek such an instruction was simply a matter of trial strategy.

The petitioner's § 2254 petition asserts six grounds. The first three, as noted, carry over, albeit in modified form, three of the assignments of error in the state appellate court: 1) insufficiency of evidence; 2) ineffective assistance due to delayed providing of discovery to the petitioner; and 3) ineffective assistance of counsel due to failure to provide discovery within sufficient time to decide whether to exercise his right to proceed to trial.

The other claims in the petition are: 4) abuse of discretion when the trial court permitted petitioner to be escorted under guard in the jury's view; 5) prosecutorial misconduct shifting the burden of proof; and 6) ineffective assistance of counsel due to failure to request lesser included reckless homicide charge.

### Discussion

With regard to those claims the petitioner had not asserted on direct appeal, the Magistrate Judge concluded that the claims either were not exhausted (and the statute of limitations for raising them had lapsed) or were waived without a showing of cause and prejudice.

These conclusions are correct.

With regard to the sufficiency of the evidence, the Magistrate Judge concluded that Yager's testimony provided a sufficient basis for conviction. It was for the jury to assess whether Yager was telling the truth – and it concluded that he was. No constitutional basis exists to disregard the jury's determination – or overturn, on federal constitutional grounds, its verdict.

Petitioner points to the manifest inconsistency in the verdicts – finding him guilty on two counts each of aggravated murder (through, as the evidence only could support, use of a firearm), while finding him not guilty of the associated firearms specifications. Such inconsistency, even of

4

so glaring a sort, is not a grounds for federal habeas corpus relief. *E.g., Harris v. Rivera*, 454 U.S. 339, 345 (1984).

With regard to the two claims based on the attorney's failure to turn over the State's pretrial discovery until two days before trial, the Magistrate Judge properly notes that, as a technical matter, petitioner has not exhausted these claims. This is so because he frames them in terms of ineffective assistance of counsel, rather than as he framed them on direct appeal.

In any event, these claims are without merit, even if they properly were before this court on habeas review. This is so because there is no federal constitutional right to discovery in a criminal case. *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977).

If there is no federal constitutional right to discovery in the first instance, no violation of the United States Constitution occurs when a lawyer who obtains discovery declines not to share it with the client, or does so later than the client would have liked.

There is, moreover, no constitutional right to plea bargain. *Id*. at 561. Thus, even if the petitioner's lawyer should, as a matter of better practice, earlier shared whatever discovery the lawyer had received, and even if the delay in sharing caused the petitioner not to accept a plea bargain, neither of those circumstances deprived the petitioner of a federal constitutional right.

### Conclusion

None of the petitioner's contentions has any merit.

It is, therefore,

ORDERED THAT:

1.      The Magistrate Judge's Report and Recommendation (Doc. 13) be, and the same

hereby is adopted as the order of this Court;

5

2.      The petition for a writ of habeas corpus be, and the same hereby is denied, without

prejudice.

I decline to grant a certificate of appealability, as petitioner did not make a substantial

showing of the denial of a constitutional right.

So ordered.


                                        /s/ James G. Carr
                                        Sr. U.S. District Judge

6